CHARLES J. SCHUCK, Judge.
On May 27, 1947, claimant Lucille H. Moore, a school teacher living at Wallace, West Virginia, driving over and along what is known as Gregory’s Run road, a secondary road in Harrison county, met with an accident, having her car overturned and damaged to the extent of the claim here presented, namely $239.62. Fortunately she suffered no personal injuries.
The record as submitted to us for our consideration reveals that the road in question was being resurfaced with tar and no notice of any kind, either by watchman’s signals or warning signs, had been given to those using the highway on the morning in question. The statement of the *103 safety director contains the significant statement that claimant . . was on the tar before she knew it and as the result the accident occurred.” Claimant herself makes the statement that she ran into the fresh oil on the road surface and traveling a distance then slid to the side, hit a dry spot and turned over. We repeat, no warning of any kind was given to the travelers of oncoming automobiles.
Under all the facts as revealed, we feel that either flagmen should have been properly stationed to warn automobile drivers of the condition of the road, or that some warning signs or notices of some kind should have been used, and that the failure to do so was the immediate cause of the accident and that claimant is entitled accordingly to the sum asked for, namely $239.62, for repairs to her car and labor incident to make said repairs. It is admitted that the road was dangerously slick, but no explanation is given why the foreman in charge did not use the necessary precaution when he first discovered that he was making the road highly dangerous for travel. Experience has shown that even the most careful driver will often find himself in trouble when passing from a dry roadway onto a freshly tarred surface of the road.
The state road department recommends payment of the claim and the attorney general of the state approves the claim. We feel, therefore, that there is a moral obligation devolving upon the state of West Virginia to make restitution, and an award, by a majority of the court, in amount of two hundred thirty-nine dollars and sixty-two cents ($239.62) is hereby made to the claimant.